# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| TRAVETTE TARA VASSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-00098 |
| ) | |
| SHIROKI NORTH AMERICA, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Pro se Plaintiff Travette Tara Vasser brings this employment discrimination action under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq.; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.; and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. (Doc. No. 1.) Defendant Shiroki North America, Inc., has moved to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 11.) Vasser has responded in opposition (Doc. No. 15), and Shiroki has replied (Doc. No. 16). For the reasons that follow, Shiroki's motion to dismiss will be granted in part and denied in part.

## I.    Factual and Procedural Background

### A.    Factual History

The following facts are drawn from Vasser's complaint and its exhibits (Doc. Nos. 1–1-2, 12-1) and are taken as true for purposes of resolving the motion to dismiss.

Vasser, a 49-year-old African-American woman, was hired as a Quality Engineer at Shiroki's Gordonsville, Tennessee, plant around January 2, 2018. (Doc. No. 1-1, PageID# 8.) In July or August 2018, Senior Section Quality Manager Ann Gregory received a telephone call from

a client who was unhappy that Gregory had responded to a quality control issue in red ink, which the client said "showed 'anger.'" (Id.) Gregory yelled at Vasser and attempted to blame her for the client's complaint. Vasser then reported the incident to the Gordonsville plaint's human resources department, which immediately involved Shiroki's corporate human resources department, including employees Holly Wood and Chad Emery. (Id.)

Vasser alleges that, after she reported the conflict with Gregory to human resources, she was "disrespected, retaliated against, harassed, and subjected to a hostile working environment" by the corporate and Gordonsville human resources departments, Gordonsville plant manager Gina Haley, Ricky Baines from Shiroki's Corporate Quality department, Gregory, and other staff. (Id.) Emery also began summoning Vasser "with fault and accusatory tone" to monthly meetings with Gregory, Wood, and Baines. (Id. at PageID# 8–9.) In a text message to Wood on September 13, 2018, Vasser expressed concern that she was being unfairly scrutinized, blamed, and held to a different standard than other employees. (Doc. No. 1-2, PageID# 15–16.) She also told Wood that she had been falsely accused of threatening a human resources employee and of being "[m]ad," which Vasser believed to be "a racial statement for a Black [w]oman[.]" (Id. at PageID# 17.)

A few days later, on September 16, 2018, Vasser was injured and received emergency treatment. (Doc. No. 1-1, PageID# 9.) Vasser had a follow-up visit with her primary care physician, Dr. Nwanko, who provided a medical excuse stating that Vasser should not work from September 17 through 19, 2018, and could return to work on September 20, 2018, while awaiting an appointment with orthopedist Dr. Gene Hannah on September 24, 2018. (Id.) Vasser returned to work using crutches on September 20, but found that she had been locked out of the system when she attempted to log into her computer. (Id.) Shortly thereafter, Wood called Vasser to tell her that she could not work while using crutches. (Id.) Wood instructed Vasser to go home and

2

Case 2:19-cv-00098   Document 17   Filed 03/22/21   Page 2 of 18 PageID #: 118

informed her that, while she had not worked at Shiroki long enough to be eligible for leave under the Family Medical Leave Act (FMLA), she could take advantage of a salary continuation benefit and would not be fired. (Id.) Vasser used all her remaining personal and vacation time to be eligible for the salary continuation benefit. (Id.)

On September 27, 2018, Vasser provided Shiroki with a letter from Dr. Hannah, dated September 24, 2018, stating that she could not return to work "until further notice." (Id.) The next day, Vasser received a letter from Wendy Tyrell, Shiroki's Section Manager for Corporate Benefits, stating that Shiroki would be "unable to hold [Vasser's] position open for the indefinite and prolonged period during which Dr. Hannah ha[d] indicated [she would] be unable to return to work." (Doc. No. 1-2, PageID# 12.) Tyrell advised Vasser that, by October 5, 2018, Vasser could provide "any additional information or ideas [for Shiroki] to consider that might allow [her] to return to work[.]" (Id.) Otherwise, Vasser's employment would be administratively terminated on that date. (Id.) Tyrell also informed Vasser that she would remain eligible for disability benefits under Shiroki's corporate policy for up to 26 weeks, at which time Vasser's group medical coverage would be terminated and she would have the opportunity to continue medical coverage under the Consolidated Omnibus Budget Reconciliation Act (COBRA). (Id.) Vasser states that she "was shocked, upset, and disturbed" by the letter and she emailed Tyrell and other members of Shiroki management team to inform them that she felt her rights under the ADA were being violated and that she planned to contact the EEOC. (Doc. No. 1-1, PageID# 10.)

On October 3, 2018, Vasser provided additional medical documentation stating that, due to a "[l]eft knee sprain" and "left knee bone bruise[,]" she would be unable to return to work until October 29, 2018. (Doc. No. 1-2, PageID# 13–14.) On October 4, 2018, Shiroki granted Vasser continued medical leave until October 29, 2018, but advised her that, "given the critical nature of

3

[her] position, [Shiroki] was unable to hold [her] position open for an indefinite or prolonged period and could not extend [her] leave beyond October 29." (Doc. No. 1-2, PageID# 13.) Shiroki again "encouraged [Vasser] to share . . . any ideas [she] might have that would allow [her] to return to work." (Id.)

On October 28, 2018, Vasser provided Shiroki with additional medical documentation from Dr. Hannah, which stated that she was still unable to work and would be rechecked on November 8, 2018. (Id.) Tyrell sent Vasser another letter on October 29, 2018, stating that Shiroki was terminating Vasser's employment effective that day because Dr. Hannah had "indicated that [Vasser] remain[ed] unable to return to work for an indefinite period[,]" Vasser "ha[d] not informed [Shiroki] of any ideas [she] believe[d] would allow [her] to return[,]" and Shiroki was "not aware of any open position or other accommodation that would allow [Vasser] to return to work[.]" (Id.) Tyrell reiterated Vasser's ongoing eligibility for disability benefits and health benefits under COBRA and instructed her "to return all equipment, files, key fobs, badges, and/or any other property of Shiroki North America by November 9, 2018." (Id.)

Vasser disagreed with Shiroki's statement that she would be unable to work for an indefinite period, because she was scheduled for a follow-up appointment with Dr. Hannah on November 8, 2018, after which Vasser felt she "would likely be able to return to work." (Doc. No. 1-1, PageID# 10.) After that follow-up appointment, Vasser provided Shiroki with documentation from Dr. Hannah stating that she could return to work with an accommodation of working while seated until her follow up appointment on January 8, 2019, but that she was to remain off work if Shiroki could not provide that accommodation. (Doc. No. 12-1, Page ID# 86–87.) Shiroki did not rescind the termination of Vasser's employment.

4

Vasser alleges that Shiroki failed to accommodate her disability, subjected her to a hostile work environment, retaliated against her for complaining about Shiroki's discriminatory conduct, and unlawfully terminated her employment on the basis of her race, age, and disability status (Doc. Nos. 1, 1-1.) She seeks back pay, front pay, compensatory damages based on her lost income and benefits, and punitive damages. (Doc. No. 1, PageID# 5.)

B.     **Procedural History**

Vasser initiated this action on December 13, 2019, by filing a complaint and exhibits. (Doc. Nos. 1–1-2.) Vasser's application to proceed in forma pauperis (Doc. No. 3) was initially denied (Doc. No. 4) but was later granted on Vasser's motion for reconsideration (Doc. Nos. 6, 7). The Court screened Vasser's complaint under 28 U.S.C. § 1915(e)(2)(B) and found that she had stated colorable claims against Shiroki under Title VII, the ADEA, and the ADA. (Doc. Nos. 8, 9.) The Court dismissed Vasser's claim for intentional infliction of emotional distress made under Tennessee law. (Id.)

Shiroki then filed a motion to dismiss Vasser's complaint for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 11.) Shiroki argues that Vasser's factual allegations are insufficient to satisfy the elements of her claims under Title VII, the ADEA, and the ADA. (Doc. No. 12.) The Court entered an order reminding Vasser that, under Local Rule 7.01(a)(3), she was required to respond to Shiroki's motion to dismiss within fourteen days after the motion was served and that failure to file a timely response could result in the motion being granted as unopposed. (Doc. No. 13.) Vasser did not respond within the time permitted by the Local Rules, and Shiroki filed a notice asking the Court to grant its motion to dismiss "based on the merits and the fact that it is unopposed." (Doc. No. 14, PageID# 91.)

Vasser filed an unsigned response three days after Shiroki filed its notice, stating that her untimely filing was due to "health issues, injuries, medications, stair and walking restrictions[,]

5

and COVID-19, coronavirus[,]" which kept her from regularly checking her mail. (Doc. No. 15, PageID# 93.) She attached documentation that she had been tested for COVID-19 on the day her response was filed. (Id. at PageID# 106.) In response to Shiroki's motion to dismiss, Vasser argues that Shiroki is "asking [her] to produce evidence at the initial stage of the case instead of at discovery[,]" and that, while the complaint may not set forth the elements of the prima facie case for each of her claims, she has satisfied the pleading requirements applicable to employment discrimination cases. (Id. at PageID# 104–05.) Shiroki filed a reply, asking the Court to strike Vasser's unsigned response under Rule 11(a) and grant its motion to dismiss as unopposed. (Doc. No. 16.) Alternatively, Shiroki argues that its motion to dismiss should be granted on the merits because Vasser has not pleaded sufficient facts to state a plausible claim for relief under Title VII, the ADEA, or the ADA. (Id.)

## II. Legal Standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." Courtright v. City of Battle Creek, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Bell

6

Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (third alteration in original) (quoting Twombly, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Because Vasser proceeds pro se, the Court construes her filings "'liberally'" and holds her complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). There are limits to liberal construction, however, and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." Brown v. Cracker Barrel Rest., 22 F. App'x 577, 578 (6th Cir. 2001) (citing Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989)).

**III.      Analysis**

The plaintiff in an employment discrimination case need not plead every element of the prima facie case established by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to state a claim for relief. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 508 (2002). "The prima facie case under McDonnell Douglas . . . is an evidentiary standard, not a pleading requirement." Id. at 510; see also Keys v. Humana, Inc., 684 F.3d 605, 609 (6th Cir. 2012) (same). Accordingly, "the ordinary rules for assessing the sufficiency of a complaint apply[,]" and courts consider only whether the plaintiff "has sufficiently pled 'a claim to relief that is plausible on its face.'" Pedreira v. Ky. Baptist Homes for Child., Inc., 579 F.3d 722, 728 (6th Cir. 2009) (first quoting Swierkiewicz, 534 U.S. at 511; then quoting Twombly, 550 U.S. at 570).

### A. Vasser's Complaint and Exhibits

Vasser initiated this action by filing a form complaint for employment discrimination actions issued by the United States Courts for use by pro se litigants (Doc. No. 1). Vasser attached five exhibits to the form: a charge of discrimination filed with the Equal Employment Opportunity Commission (EEOC) and Tennessee Human Rights Commission (THRC); two letters regarding her employment from Shiroki dated September 28, 2018, and October 29, 2018; a certification from a health care provider for medical leave dated October 2, 2018; and screenshots of a text message exchange between Vasser and "Holly-Shiroki" dated September 13, 2018. (Doc. Nos. 1-1, 1-2.) It appears that the letters, certification, and screenshots were originally attached to Vasser's EEOC charge. Vasser also referenced medical documentation that she provided to Shiroki after a November 8, 2018, appointment with Vanderbilt orthopedist Dr. Gene Hannah (Doc. No. 12-1) in her EEOC charge (Doc. No. 1-1, PageID# 10–11). Shiroki attached those documents to its motion to dismiss (Doc. No. 12-1).

Federal Rule of Civil Procedure 10 provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of a pleading for all purposes." Fed. R. Civ. P. 10(c). When determining whether to grant a motion to dismiss under Rule 12(b)(6), district courts may consider exhibits attached to the complaint and referenced therein, as well as documents attached to a motion to dismiss if they are referenced in the complaint and central to its claims. Here, "there is no question that the EEOC charge, the filing of which was a precondition to [Vasser] bringing this suit, is central to [her] discrimination claim." Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th Cir. 2001) (finding district court erred in failing to consider facts alleged in EEOC charge when ruling on motion to dismiss). The Court therefore must consider Vasser's EEOC charge and its exhibits as part of the pleadings in ruling on Shiroki's motion to dismiss. Amini, 259 F.3d at 502.

### B. Vasser's Unsigned and Untimely Response in Opposition to the Motion to Dismiss

Shiroki asserts that Vasser's response to its motion to dismiss, which includes her typed name but not her signature, address, e-mail address, or telephone number, must be stricken under Federal Rule of Civil Procedure 11 because it is not signed. (Doc. No. 16.) Shiroki also argues that the Court should not consider Vasser's response because it is untimely.

Shiroki filed its motion to dismiss on June 19, 2020, and served Vasser by mail on that date. (Doc. Nos. 11, 12.) By order entered on June 23, 2020, the Court notified Vasser that she must file any response in opposition within fourteen days of being served with the motion, with three days added for service by mail. (Doc. No. 13.) Vasser's response was therefore due by July 6, 2020. On July 13, 2020, Shiroki filed a notice that Vasser had not filed a timely response to its motion to dismiss and asked that the motion be granted as unopposed. (Doc. No. 14.) Vasser filed her response in opposition three days later, on July 16, 2020. (Doc. No. 15.)

In her response, Vasser states that she did not receive the Court's June 23, 2020 order informing her of the deadlines for her response until July 3, 2020, but does not state when she received Shiroki's motion. (Id.) She states that her mail comes to a mailbox located in a different building at her apartment complex from the one in which she lives and that health concerns prevent her from checking her mail every day. (Id.) Vasser also refers to "being in quarantine per Coronavirus symptoms and testing, and calling in to inform the Court . . . of [her] struggles to complete the opposition . . . and get it to the Court whether by mail or drop off." (Id.)

Federal Rule of Civil Procedure 11 requires that:

> Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number . . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention.

Fed. R. Civ. P. 11(a). This Court's Local Rule 7.03(a) provides that "[a]ll pleadings must be signed as required by Fed. R. Civ. P. Rule 11, and names must be typed or printed beneath all signature lines." M.D. Tenn. R. 7.03(a) (form). Vasser concludes her response in opposition with the typed signature, "Travette Vasser, Plaintiff." (Doc. No. 15, PageID# 105.)

Shiroki is correct that "the word 'signed,' as that word appears in Civil Rule 11(a) [does not] permit typed names. As Rule 11(a) is now framed, . . . the requirement of a signature [indicates], as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced)."[1] Becker v. Montgomery, 532 U.S. 757, 764 (2001). Thus, Vasser's response is not properly signed as Rule 11(a) requires and the Court "must strike [it] unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). However, as the Supreme Court has directed, "the signature requirement and the cure for an initial failure to meet the requirement go hand in hand. The remedy for a signature omission, in other words, is part and parcel of the requirement itself." Becker, 532 U.S. at 765. Although Shiroki argued in its reply that Vasser's response should not be considered because it is unsigned (Doc. No. 16), no court order has "accorded [Vasser] an opportunity to cure the defect." Id. at 761.

Vasser's response to Shiroki's motion is untimely and unsigned and, for those reasons, the Court has ample grounds not to consider it. Given Vasser's status as a pro se litigant and the considerations discussed above, the Court is not inclined to strike the filing. Even if it did, however, the Court could not simply grant Shiroki's motion as unopposed. Just as the Court must always assure that a party moving for summary judgment has met the burden of establishing the absence

---

[1] Registered users of the Court's electronic filing system may satisfy Rule 11(a)'s requirement with a typed signature. See Fed. R. Civ. P. 5(d)(3)(C). Vasser filed her response in opposition manually by using the Court's drop box.

of a genuine issue as to a material fact whether or not the motion is opposed, it must also ensure that the moving party whose motion to dismiss is unopposed has demonstrated the failure to state a claim. Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)). A court abuses its discretion by dismissing a complaint solely on grounds that the plaintiff failed to respond to the defendant's motion to dismiss. Id.; see also Gesenhues v. Radial, Inc., No. 19-5932, 2020 WL 1815738, at *2 (6th Cir. 2020). Considering only Shiroki's filings, the Court finds that Shiroki has failed to meet its burden of showing Vasser's failure to state a claim as to her Title VII, ADA, and retaliation claims. The Court would not reach a different conclusion if it considered Vasser's response.

### C. Title VII Discrimination and Hostile Work Environment Claims

Vasser alleges that Shiroki violated Title VII by discriminating against her on the basis of race and subjecting her to a hostile work environment. To state a claim for race discrimination under Title VII, Vasser must allege sufficient factual content for the Court to reasonably infer that Shiroki "discriminate[d] against [her] with respect to [her] compensation, terms, conditions, or privileges of employment, because of [her] race . . . ." 42 U.S.C. § 2000e-2(a)(1); see also Keys, 684 F.3d at 610 (articulating pleading standard for discrimination claims under Title VII). To plead a hostile work environment claim under Title VII, Vasser must plausibly allege that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is 'sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment.'" Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (quoting Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986)). Vasser need not allege every element of a prima facie case of discrimination. Swierkiewicz, 534 U.S. at 511. So long as the complaint "provides an adequate factual basis for a Title VII discrimination claim, it satisfies the pleading requirements of Federal Rule of Civil Procedure 8(a)(2)." Serrano v. Cintas Corp., 699 F.3d 884, 897 (6th Cir.

11

2012); James v. Hampton, 592 F. App'x 449, 460–61 (6th Cir. 2015) (holding that plaintiff must allege sufficient factual content from which court could reasonably infer racial discrimination); see also Primm v. Dep't. of Hum. Servs., No. 16-6837, 2017 WL 10646487, at *2 (6th Cir. Aug. 17, 2017) (holding that it was improper for district court to require that plaintiff plead specific facts establishing a prima facie case to state Title VII hostile work environment claim).

Shiroki argues that Vasser's complaint "only checks the boxes for race discrimination; . . . does not contain any specific factual allegations regarding her race" and does not "allege that [Shiroki] replaced her with someone outside her race or treated similarly-situated employees outside of her race more favorably." (Doc. No. 12, PageID# 71–72.) Shiroki also argues that Vasser's hostile work environment claim should be dismissed because Vasser has not pleaded the four elements of a prima facie case. (Id. at PageID# 73–75.) Instead, Shiroki argues, Vasser merely provides "some factual allegations before making the conclusory statement" that she believes she has been discriminated against under the relevant statutes. (Id. at PageID# 70.)

The Court has already found that Vasser alleged that she "is African-American [and that] Shiroki singled Vasser out and discriminated against her based upon . . . race, including refusing to allow Vasser to work on crutches, subjecting her to a hostile work environment, and eventually terminating her." (Doc. No. 8, PageID# 51.) Vasser also specifically alleges that she has "been falsely accused of being just '[m]ad,'" which she asserts is a "racial statement racial statement for a Black Woman – 'angry mad black woman,'" has been falsely accused of threatening another employee, and has been subject to increased scrutiny at work that is "stressful [and] humiliating." (Doc. No. 1-2, PageID# 17.) These allegations are sufficient to provide a factual basis from which the court may infer discrimination on the basis of race. James, 592 F. App'x at 460–61. Although Vasser will have to carry the burden of establishing each element of a prima facie case with

evidence to support these allegations, she is not required to do so to survive a motion to dismiss. See Serrano, 699 F.3d at 897. Accordingly, Shiroki's motion will be denied with respect to Vasser's Title VII discrimination and hostile work environment claims.

### D. ADEA Discrimination Claims

Vasser also brings a claim for age discrimination under the ADEA. To state a claim under the ADEA, Vasser must allege sufficient facts to support a reasonable inference that Shiroki "discriminate[d] against [her] with respect to [her] compensation, terms, conditions, or privileges of employment, because of [her] age[.]" 29 U.S.C. § 623(a)(1). The Sixth Circuit recognizes that "[t]he provisions of the ADEA generally receive an identical interpretation to corresponding provisions of Title VII[.]" Everson v. Mich. Dep't of Corr., 391 F.3d 737, 748 n.15 (6th Cir. 2004) (quoting Lilley v. BTM Corp., 958 F.2d 746, 750 n.2 (6th Cir. 1992)). Thus, the Court must consider whether Vasser has alleged sufficient facts to support a facially plausible claim for relief under the ADEA. See Pedreira, 579 F.3d at 728.

Shiroki argues that Vasser's ADEA claims should be dismissed because the complaint "make[s] only cursory references to her age" and she has not pleaded facts to show that she was treated differently from employees under the age of 40. (Doc. No. 12, PageID# 75.) The Court finds that the only fact Vasser has alleged regarding age discrimination is that she is forty-nine years old. Without any additional allegations connecting the fact of her age to Shiroki's actions, the Court cannot reasonably infer that age discrimination took place. Vasser's discrimination claim under the ADEA must therefore be dismissed.

### E. ADA Claims

Vasser alleges that Shiroki discriminated against her and failed to accommodate her disability in violation of the ADA. The ADA prohibits employers from discriminating against qualified employees because of a disability. 42 U.S.C. § 12112(a). Discrimination under the ADA

13

includes an employer's failure to provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is . . . an employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [the employer.]" Id. § 12112(b)(5)(A). At the motion to dismiss stage, Vasser "need not . . . allege facts establishing a prima facie case of disability discrimination" or failure to accommodate, but "need only 'give [Shiroki] fair notice of what [her] claim is and the grounds upon which it rests." Morgan, 2019 WL 5432041, at *1 (third alteration in original) (quoting Swierkiewicz, 534 U.S. at 512).

Shiroki again argues that Vasser's disability discrimination claim should be dismissed because she has not plausibly alleged all of the elements of the prima facie case. (Doc. No. 12, PageID# 77.) Again, Shiroki's arguments rest on the erroneous premise that Vasser must plead a prima facie case of discrimination to survive a motion to dismiss. The Court has already found that Vasser stated a claim for disability discrimination and failure-to-accommodate because "the Complaint [and incorporated exhibits] allege[ ] that Vasser was disabled; she was, at least impliedly, otherwise qualified for her position; she promptly brought her medical condition to the attention of Shiroki and timely provided doctor's notes; Shiroki failed to accommodate Vasser's disability; and Shiroki terminated Vasser in lieu of medical leave." (Doc. No. 8, PageID# 51–52.)

To challenge the Court's finding that Vasser has plausibly alleged that she was disabled, Shiroki cites cases finding that short-term limitations are not considered disabilities under the ADA. The majority of cases Shiroki cites address motions for summary judgment and do not articulate the applicable standard for the pleading stage. (Doc. No. 12.) In the sole pleading-stage case Shiroki references, Gamble v. Greater Cleveland Regional Transit Authority, the court states in dicta, after finding that it lacked subject matter jurisdiction, that the plaintiff's allegation "that

he suffered a knee injury which required surgery and his absence from work for more than six months" did not support an inference of disability under the ADA. No. 1:15-CV-1219, 2015 WL 5782073, at *3 (N.D. Ohio Sept. 30, 2015). The court went on to conclude that the plaintiff's claim was based on his employer's failure to return him to work after his physician had cleared him to do so. Id.

Gamble does not support dismissal here. First, likely because it was not the reason it dismissed the plaintiff's claims, the court did not state why it found the plaintiff's allegations insufficient to establish disability. Second, "whether the plaintiff's physical limitations and impairments ultimately rise to the level of 'disability' is a fact-intensive analysis that requires 'case-by-case' consideration of the individual circumstances." Sharif v. J.C. Penney Corp., No. 3:09-1176, 2010 WL 4659548, at *4 (M.D. Tenn. Nov. 9, 2010) (quoting Verhoff v. Time Warner Cable, Inc., 299 F. App'x 488, 491–92 (6th Cir. 2008)). To prove her claims, Vasser will have to show that her medical condition qualifies as a disability under the ADA, but "a conclusion at this stage that [her] claim of disability is not viable is premature." Id. (denying Rule 12(b)(6) motion to dismiss ADA claim because allegations that pro se plaintiff had been terminated following a hospitalization plausibly suggested that she had been terminated because of a disability).

Shiroki also contends that Vasser fails to state a claim for failure to accommodate because the complaint does not allege that she ever requested an accommodation. (Doc. No. 12, PageID# 79.) However, Vasser's EEOC charge and other exhibits state that she attempted to work on crutches, submitted letters from Dr. Hannah stating that she was restricted to seated work, and sought a leave of absence under Shiroki's company policies, all of which can be plausibly construed as requests for accommodations. (Doc. No. 1-1 at PageID# 9–11; Doc. No. 1-2 at

PageID# 12–14; Doc. No. 12-1 at PageID# 86–87.) Shiroki also argues that Vasser's requested accommodations were not reasonable (Doc. No. 12, PageID# 79–80), but a determination of an accommodation's reasonableness is, again, "a fact- and context-specific inquiry" that is not appropriate for a motion to dismiss under Rule 12(b)(6). Ability Ctr. of Greater Toledo v. Lumpkin, 808 F. Supp. 2d 1003, 1024 (N.D. Ohio 2011).

Shiroki has not provided factual or legal grounds to support dismissal of Vasser's ADA claims, so the motion to dismiss those claims will be denied.

### F. Retaliation Claims

Vasser alleges that Shiroki retaliated against her in violation of Title VII, the ADEA, and the ADA. Retaliation claims under the ADEA and the ADA are analyzed similarly to those brought under Title VII. See Penny v. United Parcel Serv., 128 F.3d 408, 417 (6th Cir. 1997) ("Retaliation claims are treated the same whether brought under the ADA or Title VII."); Fox v. Eagle Distrib. Co., 510 F.3d 587, 591 (6th Cir. 2007) ("Title VII's anti-retaliation provision is similar in relevant respects to the ADEA's anti-retaliation provision, and . . . it is therefore appropriate to look to cases construing Title VII as a source of authority for interpreting the ADEA's anti-retaliation clause."). To state a claim for retaliation under Title VII, the ADEA, or the ADA, a plaintiff must allege sufficient facts to support a reasonable inference that her employer discriminated against her for engaging in protected conduct, which includes opposing any practice made unlawful by those statutes. 29 U.S.C. § 623(d); 42 U.S.C. §§ 2000e-3(a), 12203(a).

Shiroki argues that Vasser's retaliation claims should be dismissed because Vasser has not pleaded facts to support a finding that she engaged in protected activity and has not alleged a causal connection between any protected activity and her termination. (Doc. No. 12, PageID# 80–84.) Shiroki also states that Vasser's claims should be dismissed because she "cannot allege a prima facie case of retaliation." (Id. at PageID# 84.) Again, however, "[t]he liberal pleading standard

16

applicable to civil complaints does not require that a retaliation complaint set forth specific facts establishing a prima facie case, but it must allege facts that establish a plausible claim to relief." Carrethers v. Speer, 698 F. App'x 266, 270 (6th Cir. 2017) (citing Keys, 684 F.3d at 609–10).

This Court has already found that Vasser's complaint supports the reasonable inference that "Shiroki retaliated against her in several ways, including termination, both (1) in response to Vasser reporting unfair treatment by her superior to human resources, and (2) formally informing Shiroki personnel that they 'were violating [her] ADA rights and [she] would be contacting the EEOC.'" (Doc. No. 8, PageID# 53 (alterations in original) (quoting Doc. No. 1-1, PageID# 10).) Shiroki argues that Vasser's actions were not protected conduct because she could not have reasonably believed that her complaints were in response to discrimination by Shiroki. (Doc. No. 12, PageID# 81–82.) However, a liberal construction of Vasser's factual allegations of discrimination supports a reasonable inference that Vasser's first report to human resources was protected conduct under Title VII and that Vasser's email to management, which formally invoked the ADA and stated that she would be contacting the EEOC, was protected conduct under the ADA.

Shiroki also argues that Vasser has not plausibly alleged causation, but this argument is once again based primarily on citations to cases addressing motions for summary judgment. (Doc. No. 12, PageID# 83–84.) Shiroki cites one pleading-stage case, Arteaga v. Cinram-Technicolor, to support its argument that Vasser's retaliation claims should be dismissed because the discrimination Vasser alleges is not temporally proximate to the alleged adverse employment actions. (Doc. No. 12, PageID# 83 (citing No. 3:19-cv-00349, 2020 WL 433990, at *6 (M.D. Tenn. Jan. 28, 2020), report and recommendation adopted by 2020 WL 1905176 (M.D. Tenn. Apr. 17, 2020)).) In Arteaga, the only factual allegation supporting the plaintiff's retaliation claim was

that she was fired ten months after she made a charge of discrimination. 2020 WL 433990, at *6. Unlike the plaintiff in Arteaga, Vasser does not base her claims on temporal proximity alone, and the events described in Vasser's complaint took place over only three or four months. (Doc. Nos. 1–1-2); see Arteaga, 2020 WL 433990, at *6 (noting that temporal proximity may support an inference of retaliation when the time elapsed between the employer's discovery of the protected conduct and the adverse employment action is "a few months" (quoting Navarro-Teran v. Embraer Aircraft Maint. Servs., 184 F. Supp. 3d 612, 622 (M.D. Tenn. 2016))). Therefore, Arteaga does not support dismissal of Vasser's claims. Because Shiroki has not carried its burden to show that dismissal is appropriate, its motion will be denied with respect to Vasser's retaliation claims.

**IV.      Conclusion**

For the reasons explained above, Shiroki's Motion to Dismiss (Doc. No. 11) will be granted as to Vasser's claim of age discrimination under the ADEA, and denied as to the remainder of her claims.

Vasser is reminded that all future filings must comply with the signature requirements of Federal Rule of Civil Procedure 11 and Local Rule 7.03.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

18
Case 2:19-cv-00098   Document 17   Filed 03/22/21   Page 18 of 18 PageID #: 134