UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| TRAVETTE TARA VASSER,<br><br>    Plaintiff,<br><br>v.<br><br>SHIROKI NORTH AMERICA, INC.,<br><br>    Defendant. | Case No. 2:19-cv-00098<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:  The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

### REPORT AND RECOMMENDATION

Defendant Shiroki North America, Inc., has filed a motion for sanctions against pro se Plaintiff Travette Tara Vasser, asserting that Vasser has failed to participate in discovery and failed to comply with the Court's September 17, 2021 order requiring her to respond to Shiroki's outstanding discovery requests, serve her own discovery requests, and appear for her deposition. (Doc. No. 31.) Shiroki asks the Court to dismiss this action with prejudice under Federal Rules of Civil Procedure 16(f), 37(b)(2)(A), 37(d), and 41(b) and to order Vasser to reimburse Shiroki's reasonable costs and attorney's fees. For the reasons that follow, the Magistrate Judge will recommend that Shiroki's motion for sanctions be granted in part and denied in part.

**I.     Relevant Background**

Vasser initiated this action on December 13, 2019, against her former employer, Shiroki, by filing a pro se complaint alleging claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), and Tennessee tort law. (Doc. No. 1.) The Court granted Vasser's application to proceed *in forma pauperis* (Doc. No. 7) and screened her complaint under 28 U.S.C. § 1915(e)(2)(B) (Doc. No. 8).

The Court dismissed Vasser's state law claim but found that she had stated colorable claims under Title VII, the ADEA, and the ADA. (Doc. Nos. 8, 9.) Shiroki then filed a motion to dismiss Vasser's remaining claims under Rule 12(b)(6). (Doc. No. 11.) The Court granted the motion in part, dismissing Vasser's ADEA claim but allowing her Title VII and ADA claims to proceed to discovery. (Doc. Nos. 17, 18.) The Court then entered a scheduling order which directed that the parties complete all discovery by September 24, 2021, and that "[a]ll written discovery should be served far enough in advance (at least thirty days before the deadline) so that all answers or objections to the discovery can be made before this date." (Doc. No. 19, PageID# 137.)

Shiroki served Vasser with discovery requests, and Vasser's responses were due on May 24, 2021. (Doc. No. 22-2); *see* Fed. R. Civ. P. 33(b)(2) 34(b)(A). On May 25, 2021, Vasser emailed Shiroki's counsel to request an extension, citing her own health issues, her sister's cancer treatment, car troubles, and financial difficulties. (Doc. Nos. 22, 22-1.) The parties agreed that Vasser would have "the next 2–3 days" to provide some of the requested materials—including her list of health care providers and signed authorizations for the release of her medical records—and "a few more weeks to complete the rest of [her] discovery responses." (Doc. No. 22-1, PageID# 162.) Vasser sent a follow-up email on May 27, 2021, stating that the list of her medical providers would be further delayed because she needed to travel to care for her sister. (Doc. Nos. 22, 22-1.) Vasser ultimately sent the list on June 11, 2021. (Doc. Nos. 22, 22-1.) Also on June 11, 2021, Vasser informed Shiroki's counsel of a death in her family and requested additional copies of the medical authorization forms that Shiroki had asked her to sign. (Doc. Nos. 22, 22-1.) Shiroki's counsel provided new copies of the forms and a second copy of Shiroki's full discovery requests by email. In response to Vasser's concern that she would be unable to print hard copies of the documents, Shiroki's counsel told Vasser that she could sign the authorization forms

2

electronically. (Doc. Nos. 22, 22-1.) Vasser returned the authorization forms on June 21, 2021, with her electronic signature. (Doc. Nos. 22, 22-1.) On June 25, 2021, Shiroki's counsel informed Vasser that the electronic signature was not adequate and asked for her manual signature on the authorization forms. At Vasser's request, Shiroki's counsel emailed Vasser another copy of Shiroki's full discovery requests. (Doc. Nos. 22, 22-1.) Vasser provided Shiroki's counsel the hand-signed authorization forms on July 2, 2021. (Doc. Nos. 22, 22-1.) When Shiroki's counsel asked Vasser when she would be able to provide full responses to Shiroki's discovery requests, Vasser responded that her sister's medical condition had worsened and that the parties "may have to ask the Court for an [e]xtension." (Doc. No. 22-1, PageID# 192.)

On July 16, 2021, Shiroki filed a discovery dispute statement (Doc. No. 22); a motion for a telephone conference (Doc. No. 23); a sworn declaration from Shiroki's counsel, Brad Harvey (Doc. No. 22-1); and several exhibits, including copies of the email exchanges between Vasser and Shiroki's counsel (Doc. No. 22-1) and copies of Shiroki's first set of interrogatories and requests for production (Doc No. 22-2). Shiroki's counsel stated in his declaration that, as required by Local Rule 37.01, he had sent Vasser a draft of a joint discovery dispute statement on July 12, 2021, and repeatedly attempted to obtain her input or authorization to file the joint statement, but had not received a response. (Doc. No. 22-1.)

The Court held a telephone conference with Vasser and counsel for Shiroki on August 4, 2021. (Doc. No. 25.) After this conference, the Court ordered Vasser to serve her own discovery requests on Shiroki by no later than August 23, 2021, and to respond to Shiroki's outstanding discovery requests by no later than September 7, 2021. (*Id.*) The Court warned Vasser "that failure to respond to Shiroki's outstanding discovery requests by September 7, 2021, may result in

sanctions up to the dismissal of her claims for failure to prosecute." (*Id.*) The Court set a subsequent telephone conference for September 16, 2021. (*Id.*)

Vasser did not serve discovery requests on Shiroki by the August 23, 2021 deadline. (Doc. No. 27-1.) Vasser did email responses to Shiroki's first set of interrogatories by the September 7, 2021 deadline, but the responses were unsigned, unsworn, and undated. (Doc. Nos. 27-1, 28, 28-1.) In the early hours of September 8, 2021, Vasser emailed Shiroki's counsel what she represented to be her responses to Shiroki's first requests for production of documents, but her response did not include any documents and was also unsworn, unsigned, and undated. (Doc. Nos. 27-1, 28, 28-1, 28-2.) Vasser explained that her late response was due to an AT&T internet service outage. Vasser also stated that she could not attend her deposition, which had been noticed for September 15, 2021, due to a telehealth appointment scheduled for that date. (Doc. Nos. 27-1, 28, 28-2.)

Shiroki's counsel emailed Vasser later that day, describing specific deficiencies in her discovery responses and asking her to correct them. (Doc. Nos. 27-1, 28, 28-3.) Shiroki's counsel also asked Vasser if she would be able to attend her deposition on September 20, 2021, noting that the discovery period was set to end on September 24, 2021. (Doc. Nos. 27-1, 28, 28-3.) On September 13, 2021, having received no reply, Shiroki's counsel sent Vasser another email that again explained the deficiencies in her discovery responses and stated that counsel "assume[d] that [Vasser was] still not planning on attending [her] noticed deposition this Wednesday, September 15. . . . [Shiroki's counsel] ha[d] offered to reschedule [Vasser's] deposition for Monday, September 20, but [she] ha[d] not responded to this offer." (Doc. No. 28-4, PageID# 252.) Vasser again did not respond. (Doc. Nos. 27-1, 28.)

On September 14, 2021, Shiroki filed a status report (Doc. No. 27), another sworn declaration by Harvey (Doc. Nos. 27-1, 28), and copies of email correspondence between Shiroki's

4

counsel and Vasser, including Vasser's discovery responses (Doc. No. 28-1–28-4). After the status report was filed, Vasser emailed Shiroki's counsel, stating that "September 20[ ] is not good for a [d]eposition[,]" and explaining that internet failures, her sister's hospice care, her own physical impairments, and medical appointments had prevented her from amending her deficient discovery responses. (Doc. No. 29-2, PageID# 262.) Vasser also informed Shiroki's counsel that she was facing eviction and objected to counsel "just . . . setting dates [for her deposition] without referring to [her,]" which created conflicts with her medical appointments. (Doc. No. 29-2, PageID# 261.) Vasser said that she might be able to appear for her deposition on September 20 "if [she] can do a Zoom appointment" "from [her] home internet" and "if it doesn't interfere with any medical treatments." (*Id.*)

The Court held a telephonic status conference on September 16, 2021. The Court issued an order the next day, stating:

> Vasser shall provide complete responses, signed under oath, to all of Shiroki's discovery requests, including the information identified by Shiroki's counsel's September 8, 2021 email to Vasser, by September 23, 2021. As discussed in the conference, if Vasser is not able to email her responses or the documents requested by Shiroki, she may provide original documents to Shiroki. If she intends to produce the requested documents in this way, she will confirm the address at which the documents are to be retrieved and the time at which they will be available by email to Shiroki's counsel no later than 5:00 p.m. on September 22, 2021. Shiroki will maintain the documents in the condition in which they are produced and return the originals to Vasser after reviewing and copying them as needed.
>
> Vasser states that she was prevented from serving discovery requests on Shiroki by August 23, 2021, as the Court ordered (Doc. No. 25) because of poor internet access. Vasser confirmed that she has prepared these discovery requests and that they are ready to be served. Accordingly, Vasser shall ensure that any discovery requests she intends to serve on Shiroki are delivered by September 20, 2021. The discovery requests may be provided by email, by mail, or by in-person delivery.
>
> Vasser's deposition is set to be taken on October 14, 2021, at 10:00 a.m., in the offices of Miller & Martin PLLC . . . . COVID-19 safety protocols in use by the law firm will be followed. Vasser will be allowed to take breaks as needed.

> The deadline to complete fact discovery is extended to October 25, 2021. This is the date on which the discovery period will conclude. It is not the date on which the parties' responses to discovery requests must be served. Those deadlines are set by the Federal Rules of Civil Procedure or by the Court's orders.
>
> . . .
>
> Throughout this litigation, Vasser has emailed the Magistrate Judge's courtroom deputy with requests for extensions of time or to provide information related to her claims. Vasser is reminded that the proper way to ask the Court to take action in her case is to file a motion in the Court's docket and that the Court will not rule on requests made by email.

(Doc. No. 30, PageID# 277–79.)

Vasser did not serve her written discovery requests on Shiroki by the extended September 20, 2021 deadline. (Doc. No. 32-1.) On September 21, 2021, Vasser sent Shiroki's counsel an email with a video attachment that she said "shows the email freezing and will not upload and send. As discussed with Judge Newbern will send upon arrival to my Son's apartment."[1] (Doc. No. 32-2, PageID# 297; Doc. No. 32-1.) Later that morning, Vasser sent Shiroki's counsel another email with her discovery requests attached. (Doc. No. 32-3.) Vasser asked that Shiroki "serve its

---

[1] Vasser's response in opposition to Shiroki's motion for sanctions includes a screenshot of an email that Vasser says that she sent to Shiroki's counsel on September 20, 2021, at 11:58 p.m. That email states, "I have not received the Courts order yet. My Son didn't pick me up this weekend but is picking me up tomorrow prior to his flight to Chicago so I don't have internet at my place still." (Doc. No. 35, PageID# 338.)

To the extent that this can be construed as an argument that Vasser was not timely served with the Court's September 17, 2021 order, the docket indicates otherwise. Vasser, who is a registered user of the Court's e-filing system (Doc. No. 26), was served with notice of that order on September 17, 2021, at her email address on file with the Court. (Doc. No. 30.) Vasser clearly had email access at the time she told Shiroki—via email—that she had not yet received the Court's order. Further, if Vasser lacked access to the email account on file with the Court, it was her responsibility to inform the Court of her current contact information. *See* M.D. Tenn. R. 41.01(b) (dismissal for failure of pro se plaintiff to keep court apprised of current address).

answers, in writing and under oath . . . one week prior to [Vasser]'s [d]eposition of October 14, 2021" (Doc. No. 32-3, PageID# 299), giving Shiroki approximately 23 days to provide responses.

At Vasser's request, Shiroki's counsel sent a runner to Vasser's son's apartment to retrieve a box of documents that Vasser claimed were responsive to its requests for production on September 23, 2021. (Doc. No. 32-1.) Shiroki's counsel states that, "[i]n the box, there were approximately 1500 pages of material, in no discernable order or organization (though they were divided into unlabeled clear plastic folders), which did not contain any identifiers regarding which request(s) for production the documents were responsive to."[2] (*Id.* at PageID# 295, ¶ 8.) On September 23 and 24, 2021, Vasser sent Shiroki's counsel a series of emails with attachments that include some, but not all, of the information requested in Shiroki's first three interrogatories. (Doc. Nos. 32-1, 32-4.)

On October 1, 2021, Shiroki filed a motion for sanctions asking the Court to dismiss this action with prejudice under Federal Rules of Civil Procedure 16(f), 37(b)(2)(A), 37(d), and 41(b) for Vasser's failure to comply with the Court's September 17, 2021 order. (Doc. No. 31.) Shiroki argues that Vasser has not complied with the Court's September 17, 2021 order by failing to "provide complete responses, signed under oath, to all of Shiroki's discovery requests, including

---

[2] Shiroki also asserts that some of the documents Vasser produced included confidential information about Shiroki and its customers and that Vasser's retention of those materials violated Shiroki's employee handbook and a confidentiality agreement. (Doc. No. 32.) Vasser disputes this. (Doc. No. 35.) Shiroki asks the Court to "modify its prior Order requiring [Shiroki] to return the originals of these documents to [Vasser], as [Vasser] never should have taken these documents and they appear to have no relevance to the allegations in her lawsuit" and "further requests that the Court direct [Vasser] to destroy any documents she took from [Shiroki] in electronic format." (Doc. No. 32, PageID# 287 n.1.)

This Report and Recommendation makes no finding regarding whether Vasser improperly retained documents after her employment with Shiroki ended. If Shiroki wishes to seek further relief regarding its confidential information, it must file a motion with support for its factual assertions.

the information identified by Shiroki's counsel's September 8, 2021 email to Vasser, by September 23, 2021," (Doc. No. 30, PageID# 277), and by tardily serving her own discovery requests on Shiroki. (Doc. No. 32.)

On October 11, 2021, Shiroki's counsel emailed Vasser to confirm that she would appear for her deposition on October 14, 2021. (Doc. Nos. 34-1, 34-2.) Vasser responded that she would not attend, citing her lack of transportation and ongoing mental and physical health care, and suggesting that "the Deposition shall be cancelled and rescheduled perhaps via Zoom . . . ." (Doc. No. 34-3, PageID# 335.)

The Court ordered Vasser to respond to Shiroki's motion for sanctions by October 18, 2021. (Doc. No. 33.) On October 19, 2021, Vasser filed a response to the motion, arguing that she "successfully sent" "the document" to Shiroki's counsel on September 21, 2021, and that "her issues with Internet, Medical, Mental, and Financial issues[,]" her "Sister's Metastatic Colon Cancer Diagnosis and now being placed in Hospice Care[,]" and "having to fight off Evictions and no transportation to get anywhere" have made it difficult to respond to Shiroki's discovery requests. (Doc. No. 35, PageID# 337–38.) She also stated that Shiroki had not yet responded to her own discovery requests and "ask[ed] that the Court treat her in the same manner as [Shiroki], who has not adhered to [Vasser's] [d]iscovery requests . . . ." (*Id.* at PageID# 245.)

On October 21, 2021, Vasser filed an "emergency motion for discovery deposition," which included the unsworn, unsigned, and undated responses she previously sent Shiroki on June 21, 2021, in response to its interrogatories (Doc. No. 36); the job description for the quality control engineer position at Shiroki (Doc. No. 36-1); and an image of her October 12, 2021 email to Shiroki's counsel stating that she would not attend her deposition. (Doc. No. 38.) On the same day, the Magistrate Judge's chambers received an email from Vasser stating that her "Medical Provider

told [her] today that [she] must take a break from any Legal issues today because it has placed [her] into Panic Attacks with [her] Throat Closing. And, Medical documentation will be sent to the Judge after [her] appointment on the 25th." (Doc. No. 39, PageID# 441.) Vasser also filed images of that email message and of correspondence with her telehealth provider. (Doc. Nos. 37–37-2.) The Court issued an order reminding Vasser "that she must make all requests for action by the Court through filing an appropriate motion in the Court's docket" and that "[t]he Court will not act on requests made by email." (Doc. No. 39, PageID# 442.)

On October 25, 2021, Shiroki filed a reply in support of its motion for sanctions. (Doc. No. 40.) Shiroki argues that the Court should not consider Vasser's untimely response, should dismiss this action with prejudice due to Vasser's failure to comply with the Court's orders, and should award Shiroki its costs and reasonable attorney's fees under Rule 37(b)(2)(C). (Doc. No. 40.)

**II.     Legal Standard**

Federal Rule of Civil Procedure 37(b)(2) provides that a court may dismiss an action "[i]f a party . . . fails to obey an order to provide or permit discovery," Fed. R. Civ. P. 37(b)(2)(A), or otherwise fails to cooperate in discovery, including by failing to appear for the party's own deposition. Fed. R. Civ. P. 37(d)(3); *see also* Fed. R. Civ. P. 16(f) (providing for sanctions, including dismissal under Rule 37(b)(2)(A)(v), when a party or attorney fails to obey a scheduling or other pretrial order); *ECIMOS, LLC v. Nortek Glob. HVAC, LLC*, 736 F. App'x 577, 582 (6th Cir. 2018) ("The Federal Rules of Civil Procedure grant district courts the authority to impose sanctions for discovery violations and failure to comply with Court orders." (citing Fed. R. Civ. P. 37(b)(2)(A); 41(b))). Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th

Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

The Sixth Circuit directs courts to consider four factors in dismissing an action for a plaintiff's failure to prosecute, cooperate with discovery, or comply with the court's orders: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)); *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366–67 (6th Cir. 1997). "[N]one of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363 (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))).

### III. Analysis

Shiroki asks the Court not to consider Vasser's untimely response in opposition to its motion for sanctions, which was filed one day after the deadline. (Doc. No. 40.) Because Vasser did not seek an extension of time before filing her response, Federal Rule of Civil Procedure 6(b)(1)(B) governs whether the Court may accept her untimely filing. That Rule provides that, when a party seeks to extend a deadline after it has already passed, extension is permitted only where "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

While pre-deadline requests for extension may be granted "with or without motion[,]" post-deadline requests may only be granted "on motion[.]" Fed. R. Civ. P. 6(b)(1)(A)–(B); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 n.5 (1990) (expressing doubt as to whether a request that "not only did not ask for any *particular* extension of time . . . [but also] did not specifically ask for an extension of time *at all*" would qualify as a motion for extension of time under Rule 6(b)). "Although district courts may liberally construe the federal and local rules for pro se litigants, even pro se litigants are obligated to follow these rules." *Greer v. Home Realty Co. of Memphis Inc.*, No. 2:07-cv-02639, 2010 WL 6512339, at *2 (W.D. Tenn. July 12, 2010). "[T]he lenient treatment generally accorded to *pro se* litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and "*pro se* parties must follow the same rules of procedure that govern other litigants," *Aug v. Caruso*, 2015 WL 1299888, at *6 (E.D. Mich. Mar. 23, 2015).

Vasser has not filed a motion to extend the deadline to respond to Shiroki's motion for sanctions, nor does she acknowledge the untimeliness of her response in the filing itself (Doc. No. 35.) Although Vasser sent several emails to the Court on October 19, 2021 (Doc. No. 40), referencing reasons for her untimely compliance with deadlines in this case, she has been repeatedly advised that "the proper way to ask the Court to take action in her case is to file a motion

in the Court's docket and . . . the Court will not rule on requests made by email." (Doc. No. 30, PageID# 279.) Because Vasser has not complied with Rule 6(b)'s requirements, the Court need not consider her untimely response to Shiroki's motion for sanctions. However, taking into account Vasser's pro se status, the difficult personal circumstances Vasser has cited in many of her filings, and the fact that her filing was made one day after the deadline, the Court will consider her response to Shiroki's motion. As set forth below, even crediting Vasser's arguments in full, dismissal of this action with prejudice is appropriate under Rules 16(f), 37(b)(2), and 41(b) because consideration of the four relevant factors shows a record of disregard for the Court's orders, delay, and contumacious conduct by Vasser.

### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [the plaintiff's] conduct on those proceedings." *Wu v. T.W. Want, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). Vasser has repeatedly shown her disregard for the Court's orders, the Federal Rules of Civil Procedure, and the effect of her actions on these proceedings.

The deadline for Vasser to respond to Shiroki's discovery requests was extended several times by Shiroki's agreement to Vasser's requests and twice by Court orders. Nearly four months have elapsed since the Court warned Vasser that failure to respond to Shiroki's outstanding discovery requests could result in the dismissal of her claims. (Doc. No. 25.) Even after the Court again extended the deadline for Vasser to "provide complete responses, signed under oath, to all of Shiroki's discovery requests, including the information identified in Shiroki's counsel's September 8, 2021 email" (Doc. No. 30, PageID# 277), she failed to provide complete discovery responses that meet the requirements of the Federal Rules of Civil Procedure or this Court's orders.

Further, the Court and Shiroki have accommodated Vasser's challenging personal circumstances. For example, the Court noted in its September 17, 2021 order that "Vasser state[d] that she was prevented from serving discovery requests on Shiroki by August 23, 2021, as the Court ordered (Doc. No. 25), because of poor internet access." (Doc. No. 30, PageID# 278.) Shiroki agreed and the Court ordered that Vasser could deliver her discovery requests "by email, by mail, or by in-person delivery." (*Id.*) But, instead of complying with the Court's order by sending her requests by a means not requiring internet access, Vasser again told Shiroki after the deadline had passed that internet failures prevented her from serving the requests on time. (Doc. No. 32-2.) When Vasser provided her discovery responses in September 2021—over one hundred days after her discovery responses were first due—those responses remained unsigned and incomplete. (Doc. Nos. 27-1, 28, 28-1, 28-2, 32-1, 32-4.)

Vasser's refusal to attend her properly noticed deposition, in violation of this Court's order, is further evidence of her bad faith. Shiroki noticed Vasser's deposition to be held at its counsel's office with a plan in place to accommodate Vasser's physical ailments by taking regular breaks and allowing her to stand and sit during questioning. Vasser's insistence now that her deposition be taken from her home via Zoom cannot be considered a good-faith proposal when considered in light of her many representations that her unreliable home internet service prevented her from meeting litigation deadlines. *Cf. Oleoproteinas Del Sureste, S.A. v. French Oil Mill Mach. Co.*, 202 F.R.D. 541, 546 (S.D. Ohio 2000) (finding that "sudden shift of position" that contradicted earlier representations to the court "coupled with their disregard of" court orders and "failure to provide discovery" "c[ould] only lead to the finding that the [p]laintiffs have willfully failed to prosecute"). Vasser claims that her mental and physical health, her sister's terminal illness, and other personal challenges have prevented her from participating in discovery. The Court is mindful

13

of these hardships. However, the Court must also consider Shiroki's need to defend against Vasser's claims. Vasser's personal difficulties do not relieve her of the responsibility to prosecute the case she initiated, particularly when accommodations have been made to address those difficulties. *See Allen v. Stark State Coll.*, 2019 WL 3387772, at *8 (N.D. Ohio, July 26, 2019) (finding that, although pro se plaintiff claimed that "'significant health' and personal issues" prevented her from cooperating in discovery and complying with court orders, "because she filed this lawsuit in this Court she has obligations to this Court and the opposing parties" and first factor weighed in favor of dismissal with prejudice). Accordingly, this factor weighs in favor of dismissal.

### B. Prejudice

"A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon*, 110 F.3d at 368); *see also Schafer*, 723 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that, "[i]f such efforts . . . [were] alone sufficient to establish prejudice" for the purpose of Rule 41(b), "then every defendant who answers a complaint and

14

Case 2:19-cv-00098   Document 43   Filed 12/03/21   Page 14 of 17 PageID #: 467

responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." 529 F.3d at 740.

Here, however, Shiroki has been prejudiced by Vasser's conduct. Shiroki's counsel has spent months communicating with Vasser about her failure to submit timely and complete discovery responses and requests, has rescheduled her deposition after she failed to attend, and has been required to file motions with the Court in an unsuccessful-to-date effort to obtain the discovery responses to which Shiroki is entitled. Vasser's failure "to provide the requested documents and to appear at [her] deposition renders [Shiroki] unable to complete discovery and advance a defense in this case." *Wilson v. Kaley*, No. 5:10 CV 1629, 2012 WL 1068982, at *2 (N.D. Ohio Mar. 29, 2012) (finding defendants prejudiced by pro se plaintiff's failure to participate in the discovery process because "[p]laintiff initiated this lawsuit and defendants are entitled to discovery permitted under the federal rules in order to defend against plaintiff's claims"). This type of prejudice weighs in favor of dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the analysis under Rules 37 and 41(b). *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court warned Vasser on August 4, 2021, that failure to respond to Shiroki's outstanding discovery requests could result in sanctions up to and including dismissal of her claims. (Doc. No. 25.) Shiroki then filed its motion to dismiss, making clear to Vasser that it intended to pursue this sanction. *See Harmon*, 110 F.3d at 368 (holding that "there can be no argument that [plaintiff] was without notice that the district court was contemplating the dismissal of his complaint" where defendant "had filed a motion to dismiss and [plaintiff] had requested additional time to respond"). Despite this notice that further delay could lead to dismissal, Vasser

has continued her pattern of evading discovery and preventing the progress of this litigation. This factor weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

Shiroki has requested that this action be dismissed with prejudice and that Vasser be ordered to reimburse Shiroki's reasonable costs and attorney's fees. Dismissal with prejudice is appropriate here.

When "[p]resented with a record of sufficiently egregious conduct . . . a district court has not abused its discretion by ordering dismissal as the first and only sanction." *Harmon*, 110 F.3d at 369; *see also Williams v. Select Specialty Hosp. Nashville, Inc.*, Civ. No. 3:08-1007, 2010 WL 93103, at *3 (M.D. Tenn. Jan. 7, 2010) (adopting report and recommendation and dismissing action with prejudice "due to the plaintiffs' willfulness and fault in failing to engage in discovery and in disregarding the Court's orders[,]" failure to participate in discovery and attend rescheduled depositions, "and the needless expenditure of resources by both the Court and the defendant caused by the plaintiffs' conduct"). As set out above, Vasser has prevented this litigation from moving forward by refusing to provide full responses to Shiroki's discovery requests despite multiple extensions of time and this Court's orders that she do so. Her continued frustration of Shiroki's attempts to defend against her claims and her disregard for this Court's orders and the progress of the litigation demonstrate that dismissal with prejudice is appropriate.

The sanction of awarding Shiroki its costs and attorney's fees is not warranted here. Dismissal with prejudice under Rules 37(b)(2) and 41(b) is sufficient to address Vasser's dilatory conduct. Further, although Federal Rule of Civil Procedure 16(f) requires that a party who is sanctioned for failure to obey a scheduling or other pretrial order "pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance," the rule creates an exception "if noncompliance was substantially justified or other circumstances make an award of expenses

16

unjust." In this instance, it would be unjust to further sanction Vasser, who proceeds *in forma pauperis*, by ordering her to pay Shiroki's expenses and attorney's fees. *See, e.g.*, *Williams v. Platt*, No. CIV-03-281, 2005 WL 1950267, at *2 (W.D. Okla. July 29, 2005) (finding that awarding attorney's fees for plaintiff's failure to appear for his deposition would be unjust because such an award would place a heavy burden on the plaintiff, who was proceeding *in forma pauperis*).

**IV.     Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that Shiroki's motion for sanctions (Doc. No. 31) be GRANTED IN PART AND DENIED IN PART, and that this action be DISMISSED WITH PREJUDICE.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 2nd day of December, 2021.

It is so ORDERED.

*[signature]*
ALISTAIR E. NEWBERN
United States Magistrate Judge