UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| TRAVETTE TARA VASSER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:19-cv-00098 |
|  | ) |  |
| SHIROKI NORTH AMERICA, INC. | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER

On December 3, 2021, Magistrate Judge Newbern entered a Report and Recommendation ("R & R") (Doc. No. 43) recommending that this action be dismissed because Plaintiff has wilfully failed to cooperate in discovery, thereby thwarting any progress in this now more than two year old case that has barely progressed beyond the pleadings stage. This included Plaintiff failing to timely respond to discovery requests despite repeated extensions and court Order, and failing to attend a properly noticed deposition in violation of yet another Order. (Doc. Nos. 25, 30). At the conclusion of the R & R, Magistrate Newbern informed the parties that they had fourteen days within which to file any objections. Defendant has filed none. However, on December 20, 2021, Plaintiff, proceeding *pro se*, filed a "Motion for an Extension of Time in Response to Objections for the Report and Recommendation." (Doc. No. 44).

Though styled as a motion for extension of time, in reality Plaintiff's filing serves as objections. The document is 23 pages long and contains arguments as to why she failed to cooperate in discovery, including her "mental and physical health, no transportation, internet and computer issues, financial issues, and her sisters declining health," who unfortunately has metastatic colon cancer. (Doc. No. 44 at 1). Incorporated within the filing are documents tending to support some

of those statements, including letters from the Social Security Administration indicating Plaintiff is entitled to disability benefits, screenshots of the Volunteer Behaviors Health Center where Plaintiff claims she was seen for depression and stress; assorted medical records; and a letter from State Farm Insurance dated July 24, 2021, regarding Plaintiff's claim for damages to her car. (Id. at 4, 6, 7-11, 18-20).

None of these things are new or were lost on Magistrate Judge Newbern, and she showed empathy for Plaintiff's "challenging personal circumstances." (Doc. No. 43 at 13). Indeed, both Magistrate Judge Newbern and counsel for Defendant went above and beyond that required in an effort to accommodate Plaintiff. Time and again those efforts led to yet another excuse from Plaintiff as to why she did not comply with her discovery obligations. The numerous accommodation efforts and the record of Plaintiff's evasive, if not contumacious, conduct are laid out in detail in the R & R, (id. at 2-9), and need not be repeated here.

Suffice it to say that Magistrate Judge Newbern exhibited more patience than the Court would have. Indeed, this Court's patience was already tried once, when Plaintiff responded to Defendant's Motion to Dismiss some ten days after the court-ordered deadline, and then only after Defendant filed a Notice indicating that no response was filed and dismissal should therefore be granted. Plaintiff had a different excuse for that failure: the mailbox for her apartment was in another building, and she did not want to risk her health during the pandemic era by checking her mailbox every day. This may be true, but it is yet another example of Plaintiff's lack of diligence in a case that she brought. Some leniency and understanding is appropriate, but at some point it asks too much. In the Court's opinion, that point has come and gone.

Under Rule 72(a) of the Federal Rules of Civil Procedure, the Court is required to "determine

2

Case 2:19-cv-00098   Document 45   Filed 01/06/22   Page 2 of 4 PageID #: 505

*de novo* any part of the magistrate judge's disposition that has been properly objected to," and can "accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(a). Having undertaken that review, the Court finds no reason to reject or modify the R & R. To the contrary, Magistrate Judge Newbern considered the four factors set forth by the Sixth Circuit for determining whether dismissal is warranted, see, Knoll v. AT&T, 176 F.3d 359, 363 (6th Cir. 1999), and properly weighed those factors in determining that Plaintiff's repeated failure to cooperate in discovery and prosecute her claim warranted dismissal under Rules 37(b)(2) and 41(b). Magistrate Judge Newbern also found, however, that an award of attorney's fees to Defendant was unwarranted because "dismissal with prejudice" was "sufficient to address Vasser's dilatory conduct." (Doc. No. 43). The Court agrees with both conclusions.

Accordingly, the Court rules as follows:

(1) The R & R (Doc. No. 43) is **ACCEPTED** and **APPROVED**;

(2) Defendant's Motion for Sanctions (Doc. No. 31) is **GRANTED** insofar as it requests dismissal, but **DENIED** insofar as it seeks attorney's fees;

(3) Plaintiff's "Motion for an Extension of Time in Response to Objections for the Report and Recommendation" (Doc. No. 44) is **DENIED** to the extent it asks for an extension, and **OVERRULED** to the extent it serves as her objection to the R & R; and

(4) This case is hereby **DISMISSED WITH PREJUDICE**.

The Clerk of the Court shall enter a final judgment in accordance with Rule 58 and close this file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE